**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Rosario JUAREZ–LOPEZ,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Jose Rosario Juarez–Lopez,**
**Defendant—Appellant.**

No. 04–30334, 04–30382.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Jack B. Haycock, Esq., Michael Joseph Fica, Esq., Michelle R. Mallard, USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**602**

Steven V. Richert, Federal Defenders of Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Jose Rosario Juarez–Lopez appeals from the district court's order revoking his supervised release and imposing an 18–month sentence, and from the 33–month sentence imposed following a guilty-plea conviction for illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgments.

Appellant contends that the district court lacked jurisdiction to consider his supervised release violations because his arrest warrant was not supported by probable cause. The district court, however, revoked appellant's supervised release before the expiration of his term of supervised release, so the court had jurisdiction to revoke regardless of a warrant. *See United States v. Ortuno–Higareda,* 421 F.3d 917, 921 (9th Cir.2005).

Appellant also contends that the district court abused its discretion when it denied his motion for substitution of counsel at sentencing. Upon review, we conclude that there was no abuse of discretion as the district court's inquiry was adequate and the conflict with counsel was minimal. *See United States v. Corona–Garcia,* 210

F.3d 973, 976–77 (9th Cir.2000) (holding that the court must consider the adequacy of the inquiry into the conflict, the extent of the conflict, and the timeliness of the motion).

Appellant also contends that the district court erred in denying his motion to continue the sentencing hearing once appellant became distrustful of defense counsel. Because appellant is unable to demonstrate any prejudice from the denial of the motion for continuance, this contention fails. *See United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985) (noting appellant must demonstrate prejudice from the denial of a motion to continue before relief can be granted).

The district court's judgments are **AFFIRMED**.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit expect as provided by 9th Cir. R. 36–3.